Julian C. LaVin, Appellant, *v.* Copley-Plaza Operating Company, Respondent.

First Department, July 11, 1918.

**Master and servant — action for breach of contract of employment — contract of employment as manager of hotel construed — evidence.**

In an action to recover damages for breach of contract of employment and for moneys expended by the plaintiff, it appeared that the plaintiff was employed by the defendant as manager of a hotel on July 9, 1912, for a period of one year; that on February 11, 1913, said contract was modified as to terms of payment and in July a new arrangement for another year running from July 9, 1913, to July 9, 1914, upon the same terms and conditions was made, and that in August, 1913, the plaintiff's resignation was requested and he delivered the same upon condition that if it was accepted he was to be given due compensation for the remainder of the term of his contract, and reimbursed for his expenses, but his resignation was not accepted.

*Held*, on all the evidence, that the plaintiff established a *prima facie* case, and it was error to dismiss the complaint upon the ground that there was a variance between the pleading and proof, in that the action had

been brought upon the contract for the term beginning on July 9, 1913, and that the plaintiff had proved that the hiring was on February eleventh, upon different terms and conditions. The arrangement made on February eleventh did not abrogate the original contract of hiring, and when it was renewed it was the understanding that it was to continue another year upon the terms and conditions of the former contract as modified. The contention of the defendant that the plaintiff had proved that he was not discharged but had voluntarily left the employment by resigning was not sufficiently established to defeat a recovery.

Appeal by the plaintiff, Julian C. LaVin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of December, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*David H. Slade* of counsel [*Maxwell Slade* with him on the brief; *Slade & Slade*, attorneys], for the appellant.

*Herbert C. Smyth* of counsel [*Ralph W. Thomas* with him on the brief; *Babbage & Sanders*, attorneys], for the respondent.

Page, J.:

The action was brought to recover the sum of $10,396 damages for breach of contract of employment and for moneys expended, laid out, incurred and disbursed by the plaintiff.

The complaint sets forth three causes of action, the first of which was withdrawn by the plaintiff at the trial. The plaintiff proceeded to trial on the second and third causes of action. The plaintiff proved that he was employed by the defendant as manager of the hotel known as the Copley-Plaza, which is situated in Boston; that he was first employed on July 9, 1912, for the period of one year and that he was to receive from the defendant whatever loss he sustained in selling the house which he owned in Brooklyn, and he was also to be reimbursed for all expenses in moving to Boston from Brooklyn. At the time he was employed by the defendant he had a contract for a period of three years as assistant manager of the Hotel McAlpin. The president of the defendant induced the proprietors of the McAlpin to release plaintiff from his contract, and an oral agreement of hiring was made for a year at a salary of $7,500. In addition to the salary plaintiff was to be

allowed $100 a month for an apartment, and until said apartment was found, plaintiff and his family should live in the hotel of which the plaintiff became manager; that the plaintiff moved into the said hotel and remained there until November, 1912; that thereafter the plaintiff and his family moved out of the hotel into an apartment and he received the sum of $100 a month during the period that he lived in said apartment with his wife and family; that thereafter complaints were made by patrons of the hotel as to the conduct of the business during his absence. It was thought best that the plaintiff should move back into the hotel and he wrote a letter on February 4, 1913, making the suggestion that he should move back, and stating that he would let the directors make any adjustment in his salary which would reimburse the hotel for any extra expense. On February eleventh the vice-president and general counsel of the company wrote the plaintiff that he was authorized to make the following proposal: " You and your wife and family move into the hotel and occupy the same rooms that you formerly occupied. You are to receive a salary at the rate of $6,000 a year and an allowance of $3,000 a year in the form of meal checks. Please figure this out to see if it is fair. With the information before us, it seemed to us that it was a little bit better proposition than your present one."

The plaintiff thereupon moved back into the hotel and received a salary at the rate of $6,000 a year instead of $7,500 and was allowed the use of the rooms in the hotel and the meal checks as provided in the said letter. In the early part of July plaintiff made a new arrangement for another year running from July 9, 1913, to July 9, 1914, upon the same terms and conditions as the employment had been for the previous year. Some time in August, 1913, the president of the defendant told the plaintiff that they had decided to appoint Mr. Fogg manager of the hotel and stated that the directors intended to get rid of him, that is, the president, and some others, including the plaintiff, and suggested that the plaintiff should hand him his resignation. The plaintiff then stated to the president: " The only way that I will resign * * * is that I am given due compensation for the remainder of my contract, and that my expenses which were agreed upon by

you and Mr. Beinecke are taken care of, and if that condition exists I will be glad to get out of the whole mess myself." To which the president replied: " You give me your resignation, and I will take care of the rest of it for you."

With that understanding the plaintiff gave him the resignation which was dated on August nineteenth and the president said: " I will present that to the Board of Directors at our meeting this afternoon." That evening, the plaintiff testifies, he saw the president and was informed by him that the board had not accepted plaintiff's resignation nor his own. On the twenty-eighth day of August plaintiff received notice that the board of directors had appointed Mr. Fogg manager and requested the plaintiff to turn over to him the affairs of the hotel.

At the conclusion of the plaintiff's case the defendant moved to dismiss for failure of proof, claiming first a fatal variance between pleading and proof, in that an action had been brought upon a contract of hiring for a term of one year beginning on July 9, 1913, and that he had proved that the hiring was on February eleventh upon different terms and conditions, thereby treating the transaction of that day as a cancellation of the old contract and the making of a new one.

In my opinion the evidence does not support the defendant's theory, but on the contrary that the arrangement that was made on February 11, 1913, was merely a modification of the terms of payment and did not abrogate the original contract of hiring and that when the contract was renewed on July 9, 1913, it was the understanding of the parties that the contract was renewed for another year upon the terms and conditions of the former contract as modified by the arrangement of February 11, 1913.

The second contention of the defendant was that the plaintiff had proved that he was not discharged but had voluntarily left the employment by resigning. This, however, was not established so clearly as to defeat the plaintiff's recovery. This was a matter of defense that was brought out on cross-examination of the plaintiff and the plaintiff's version thereof at this stage of the case must be accepted, and that is that he delivered his resignation upon condition that if it was accepted he was to be given due compensation for the

remainder of the term of his contract and reimbursed for his expenses, and that the resignation was received by the president upon this condition, and that thereafter the president reported to him that the board of directors had refused to accept it. Without evidence that would controvert this testimony of the plaintiff, the plaintiff's right to recover would not be defeated.

The plaintiff proved a *prima facie* case and it was error on the part of the court to dismiss the complaint.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.